**In the Matter of Arnold R. RHINE, also known as A. R. Rhine, formerly engaged in business as Rhine Petroleum Industries, Majestic Petroleum Company, Petroleum Industries of Utah, Bankrupt.**

**No. 24691.**

United States District Court
D. Colorado.
June 21, 1965.

William E. Foster, Grand Junction, Colo., for Louis J. Cenni and Ruby June Cenni, and others, petitioners on review.

Thomas M. Sullivan, Denver, Colo., for Maynard Aaby, petitioner on review.

Jerome R. Strickland, Denver, Colo., for R. V. Rosellini and Gladys E. Rosellini, petitioners on review.

Russell P. Kramer, Denver, Colo., for Grant Oxley and Opha G. Oxley and others, petitioners on review.

Norma L. Comstock and Norman H. Comstock, Denver, Colo., for John W. Shireman, trustee in bankruptcy.

DOYLE, District Judge.

The trustee and some of the reclamation petitioners have sought a rehearing of this Court's decision rendered April 28, 1965. Oral arguments on these motions were heard on June 8, 1965. The Court has carefully considered the motion and the arguments on the part of the trustee and the petitioners, and is of the opinion that the Court's order of April 28 should not be set aside or modified.

In reaching this conclusion the Court has considered the practical difficulties which the referee will have incident to the holding of hearings and making of individual awards. It is believed, however, that these matters can be simplified and that the reclaiming petitioners ought to have at least an opportunity to have their contentions heard on the merits and that matters of expediency should not stand in the way of this. It may well be that the tracing problems will prove insurmountable. There is not, however, any need to speculate about this until at least an effort has been made to determine these issues.

The principal amount which is in dispute is, of course, the bank account in the Jefferson County Bank in the amount of $218,840.96. The petitioners seeking to reclaim their moneys have the burden of establishing that their money was deposited in this account first of all. If the total amount so traced exceeds the amount in the account, the question as to what portion of the loss each petitioner should bear is one which concerns only petitioners. Furthermore, the expense incurred in the resolution of that question must be borne by the petitioners themselves and then distribution of that expense should be made on a pro rata basis. Efforts should be made to minimize this. For example, petitioners reclaiming the largest amounts may well permit the many smaller amounts to be reclaimed nearly in full with some small deductions for the accounting expense which would have been allocated to these claims. This would simplify the computation of the larger claims and the contributable expense. Or, it may be desirable to round off the amount of the deposit to the nearest ten dollars for the purpose of determining the depositor's fractional interest in the fund at the time of deposit. It is to be borne in mind also that the money of many of the petitioners was deposited prior to a time when the account was reduced to $91,918.29. These petitioners could share only in that amount. The accounting expense in computing the relative shares in the $91,918.29 might be so high as to require that a short-cut could be agreed upon. Thus, there are many possibilities other than the use of a computer and accountants. The ingenuity of the trustees, the lawyers and the referee will certainly work this matter out on an equitable basis.

It is concluded that the April 28th Order should be affirmed, and it is so ordered.